JUSTIN J. McMILLAN, AS ADMINISTRATOR AD PROSE-
QUENDUM OF THE ESTATE OF RONALD J. McMILLAN,
DECEASED, PLAINTIFF-APPELLANT, v. CLARENCE
MATHER, DEFENDANT-RESPONDENT.

Submitted February 11, 1944—Decided March 23, 1944.

For the plaintiff-appellant, *Marlin P. Devlin, Jr.*

For the defendant-respondent, *Samuel D. Lenox.*

The opinion of the court was delivered by

CASE, J. The action was to recover for the death of a boy
killed by collision with an automobile owned and operated
by the defendant. The undisputed facts are that the lad, six
years of age, was riding a recently acquired bicycle on Stuy-
vesant Avenue in the City of Trenton; defendant was driv-
ing his automobile in the same direction in a course parallel
with that of the bicycle and distant three to five feet there-
from; suddenly, and without warning, the bicycle turned
sharply to the left, struck the automobile on the side of the
right front fender and with its rider fell between the front
and rear wheels of the automobile; when the bicycle made
the turn the automobile made a corresponding turn to the
left but did not escape the collision; the front wheel did not
pass over either boy or bicycle; the rear wheel ran partly on
the bicycle but did not run over the boy; the situation when

the automobile stopped after the collision was that the car was headed diagonally across the trolley tracks toward the center of the street; the boy was under the bicycle between the front and rear wheels of the automobile, and the bicycle was partly under the right rear wheel of the automobile; the car had been stopped in the distance reflected by those facts; extrication was effected by backing the car. No other reasonable conclusion can be drawn from the evidence than that the change in the course of the bicycle was wholly unexpected by the rider, was without intention on his part and was caused by no act or omission of the defendant, and that the defendant, confronted with the unforeseen emergency, made instant effort to avoid the contact and, by simultaneously applying his brakes, stopped the car within a very few feet.

The sole reason for reversal advanced by the appellant is that the trial court erred in directing a verdict for the defendant and the phase of the proofs upon which the argument is based is that the defendant gave no warning of his approach but continued without decreasing his speed "some mere four or five feet from the child."

The defendant was on a portion of the highway where he had a right to be; had he and the lad continued on their respective courses the accident would not have occurred. The collision was caused by the sudden diversion of the bicycle due to some fortuitous circumstance for which the defendant was not responsible and upon which neither the speed of the automobile nor the omission of a warning had causative effect.

The power of a judge to order a nonsuit or direct a verdict does not depend upon the absence of all testimony in opposition to the case in favor of which the ruling is made. The test is whether there is any testimony from which the jury can reasonably conclude that the facts sought to be proven are established. *Pellington* v. *Erie Railroad Co.,* 115 *N. J. L.* 589; *Wallace* v. *Delaware River Ferry Co.,* 127 *Id.* 513; *affirmed,* 130 *Id.* 216; *Habedank* v. *Atlantic Casualty Insurance Co.,* 128 *Id.* 338. Our study of the proofs leads us to conclude that the direction of verdict for the defendant was proper.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, PERSKIE, PORTER, COLIE, DEAR, WELLS, HAGUE, THOMPSON, DILL, JJ. 12.

*For reversal*—THE CHIEF JUSTICE, DONGES, HEHER, RAFFERTY, JJ. 4.